DAVID D. PIPER, CASB No. 179889
david.piper@kyl.com
BRIAN M. BOHN, CASB No. 279469
brian.bohn@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
400 Oceangate, P.O. Box 1730
Long Beach, California  90801-1730
Telephone:    (562) 436-2000
Facsimile:     (562) 436-7416

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A., for itself and as an acquirer of certain
assets and liabilities of WASHINGTON MUTUAL BANK from the
FEDERAL DEPOSIT INSURANCE CORPORATION acting as Receiver

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CHEN,<br><br>      Plaintiff,<br><br>vs.<br><br>J.P. MORGAN CHASE BANK NATIONAL ASSOCIATION; WASHINGTON MUTUAL BANK, FA and DOES 1-10 inclusive,<br><br>      Defendants. | Case No. _SACV 12-C0355 CJC (RNBx)_<br><br>**NOTICE OF REMOVAL BY DEFENDANT JPMORGAN CHASE BANK, N.A., FOR ITSELF AND AS AN ACQUIRER OF CERTAIN ASSETS AND LIABILITIES OF WASHINGTON MUTUAL BANK FROM THE FEDERAL DEPOSIT INSURANCE CORPORATION ACTING AS RECEIVER PURSUANT TO 28 U.S.C. §§ 1332, 1441(a), AND 1446**<br><br>**[DIVERSITY JURISDICTION]** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND THE

HONORABLE UNITED STATES DISTRICT JUDGE:

   PLEASE TAKE NOTICE that defendant JPMORGAN CHASE

BANK, N.A., for itself and as an acquirer of certain assets and liabilities of

WASHINGTON MUTUAL BANK from the FEDERAL DEPOSIT

KYL_LB1473133v2

1   DAVID D. PIPER, CASB No. 179889
    david.piper@kyl.com
2   BRIAN M. BOHN, CASB No. 279469
    brian.bohn@kyl.com
3   KEESAL, YOUNG & LOGAN
    A Professional Corporation
4   400 Oceangate, P.O. Box 1730
    Long Beach, California 90801-1730
5   Telephone:    (562) 436-2000
    Facsimile:    (562) 436-7416
6
7   Attorneys for Defendant
8   JPMORGAN CHASE BANK, N.A., for itself and as an acquirer of certain
    assets and liabilities of WASHINGTON MUTUAL BANK from the
9   FEDERAL DEPOSIT INSURANCE CORPORATION acting as Receiver

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12

13

14  MICHAEL CHEN,                    )  Case No. _____
                                     )
15                  Plaintiff,       )  NOTICE OF REMOVAL BY
                                     )  DEFENDANT JPMORGAN
16          vs.                      )  CHASE BANK, N.A., FOR
                                     )  ITSELF AND AS AN ACQUIRER
17  J.P. MORGAN CHASE BANK           )  OF CERTAIN ASSETS AND
    NATIONAL ASSOCIATION;            )  LIABILITIES OF WASHINGTON
18  WASHINGTON MUTUAL BANK,          )  MUTUAL BANK FROM THE
    FA and DOES 1-10 inclusive,      )  FEDERAL DEPOSIT
19                                   )  INSURANCE CORPORATION
                    Defendants.      )  ACTING AS RECEIVER
20                                   )  PURSUANT TO 28 U.S.C. §§ 1332,
                                     )  1441(a), AND 1446
21
22  _____    [DIVERSITY JURISDICTION]

23

24  TO THE CLERK OF THE ABOVE-ENTITLED COURT AND THE

25  HONORABLE UNITED STATES DISTRICT JUDGE:

26          PLEASE TAKE NOTICE that defendant JPMORGAN CHASE

27  BANK, N.A., for itself and as an acquirer of certain assets and liabilities of

28  WASHINGTON MUTUAL BANK from the FEDERAL DEPOSIT

                              - 1 -                    KYL LB1473133v2

1   INSURANCE CORPORATION acting as Receiver ("Defendant"), hereby
2   provides Notice of Removal based on diversity and amount in controversy,
3   pursuant to 28 U.S.C. section 1332, and hereby removes to this Court the
4   state court action described below.

5       1.   On January 9, 2012, Plaintiff filed case number 30-2012-
6   00535809-CU-OR-CJC in the Superior Court of California for the County of
7   Orange – Central Justice Center (the "State Court Action"), entitled
8   Michael Chen v. J.P. Morgan Chase Bank National Association;
9   Washington Mutual Bank, FA and DOES 1-10 inclusive.  Defendant has not
10  appeared in the State Court Action.

11      2.   A copy of the Complaint, and all other papers from the
12  State Court Action which are in Defendant's possession at this time, are
13  attached hereto as Exhibit A.

14      3.   **JURISICTION**:  The district courts shall have original
15  jurisdiction of all civil actions where the matter in controversy exceeds the
16  sum or value of $75,000.00, and is between citizens of different states.  28
17  U.S.C. § 1332.  Diversity jurisdiction exists to provide a "neutral" forum in
18  cases where one or more of the parties is a citizen of another state or
19  country and to protect against local prejudice in state courts.  See Asher v.
20  Pacific Power and Light Co., 249 F. Supp. 671, 674 (N.D. Cal. 1965).  Here,
21  the District Court has original jurisdiction because complete diversity exists
22  between Plaintiff and Defendants, and the amount in controversy exceeds
23  $75,000.

24      4.   **DIVERSITY OF CITIZENSHIP**: Based upon information
25  and belief, Plaintiff is a citizen of California, based on domicile, as he
26  declares his primary residence is in Irvine, California.  (Exh. A, Compl. ¶ 1.)
27  Alternatively, Plaintiff is a citizen of California, as the Subject Property is
28  located in California.  Id.; Heinz v. Havelock, 757 F. Supp. 1076, 1079 (C.D.

1   Cal. 1991) (residence and property ownership are a factor in domicile for

2   diversity jurisdiction); State Farm Mut. Auto Ins. Co. v. Dyer, 19 F.3d 514,

3   520 (10th Cir. 1994) ("Residence alone is not the equivalent of citizenship,

4   but the place of residence is prima facie the domicile.")

5          Defendant is a citizen of Ohio where its main headquarters are

6   located and where it is incorporated.  Wachovia Bank v. Schmidt, 546 U.S.

7   303, 306-307 (2006) (citizenship of a national association determined by

8   location of main office, as set forth in its articles of association); see also

9   Schmitt v. Tobin, 15 F. Supp. 35 (D. Nev. 1935) (a national bank may not be

10  sued without its consent in a court outside the state of its domicile); see also

11  Western-Knapp Engineering Co. v. Gilbank, 129 F.2d 135, 136 (9th Cir. Cal.

12  1942) ("The designation of the principal place of business of a domestic

13  corporation is contained in its articles.").  Both Defendant's own Articles of

14  Association and the Federal Deposit Insurance Corporation ("FDIC")

15  designate its main office and headquarters as its Columbus, Ohio office.

16  See JPMorgan Chase Bank, National Association, Articles of Association,

17  EDGAR ONLINE, http://www.secinfo.com/d14D5a.vQcp.d.htm#1stPage (last

18  visited Feb. 9, 2012) ("The main office of the Association shall be in the City

19  of Columbus, County of Delaware, State of Ohio."); see also JPMorgan

20  Chase Bank, National Association, FDIC BANK FIND,

21  http://www2.fdic.gov/IDASP/main_ bankfind.asp (last visited Feb. 9, 2012)

22  (JPMorgan Chase Bank, National Association's "main office (headquarters)

23  is located at: 1111 Polaris Parkway, Columbus, Ohio 43240, County of

24  Delaware.").  Copies of the FDIC's listing for Defendant, and Defendant's

25  Articles of Association are attached hereto as Exhibit "B."

26          Some courts have taken judicial notice of the fact that

27  Defendant's principal place of business is in New York. See Hernandez v.

28  Chase Bank USA, N.A., 243 F.R.D. 285, 286 (N.D. Ill. 2006) ("JPMorgan is a

1  corporation with its principal place of business in New York."); <u>see also</u>

2  <u>Enron Corp. Sec. v. Enron Corp.</u>, 2007 U.S. Dist. LEXIS 98619 (S.D. Tex.

3  Feb. 1, 2007) ("JPMorgan Chase Bank, is a New York banking corporation

4  with its principal place of business in New York.").

5       Because Plaintiff is a citizen of California and Defendant may be

6  deemed a citizen of either or both Ohio and New York, but not California,

7  the citizenship of all parties is diverse.

8       5.   **AMOUNT IN CONTROVESY**:  Plaintiff's Complaint

9  clearly pleads an amount in controversy exceeding $75,000.  The amount in

10  controversy for jurisdictional purposes is determined by the amount of

11  damage or the value of the property that is the subject of the action.  <u>See</u>

12  <u>Meisel v. Allstate Indem. Co.</u>, 357 F. Supp. 2d 1222, 1225 (E.D. Cal. 2005).

13  Moreover, where a plaintiff seeks a determination of liability under a

14  contract, the potential liability is the "amount in controversy."  <u>See</u> <u>Hunt v.</u>

15  <u>Washington State Apple Advertising Comm'n</u>, 432 U.S. 333, 347 (1977).

16       6.   Here, Plaintiff has asked "for declaratory relief that

17  Defendant's purported power of sale is void and has no force or effect

18  against the subject property."  (Exh. A, Compl., ¶ 24.)

19       7.   Plaintiff further requests that the Court declare "that the

20  title to the Subject Property is vested in Plaintiff alone and that the

21  Defendant… be declared to have no estate, right title or interest in the

22  Subject Property…."  (Exh. A, Compl. ¶ 29.)

23       8.   Plaintiff is asking the Court to award to him the full value

24  of the loan, which is $750,000.  (Exh. A, Compl. ¶ 5.)  Thus, the amount in

25  controversy is at least $750,000.  <u>Craver v. National City Bank</u>, 2009 U.S.

26  Dist. LEXIS 98333 at *2–4 (E.D. Cal. Oct. 22, 2009) (holding that where

27  plaintiff seeks court declaration that plaintiff is the rightful holder of title

28  to the property, free and clear of any mortgage loan defendants may claim

1  to hold, the value of the loan is an appropriate measure in determining the

2  amount in controversy for jurisdictional purposes).

3         9.    Plaintiff also prays for judgment against Defendant for

4  compensatory damages, special damages, general damages, civil penalties,

5  restitution, attorney fees and reasonable costs of suit.  (Exh. A, Compl.,

6  Prayer for Relief ¶ 1-5.)  The amount in controversy is determined from the

7  allegations and prayer of the complaint.  See St. Paul Mercury Indem. Co. v.

8  Red Cab Co., 303 U.S. 283, 289 (1938).  Moreover, the amount in

9  controversy is determined at the time the action is *commenced*.  Subsequent

10  amendments to the complaint, or dismissal of certain claims, reducing the

11  demand to below $75,000 do not ordinarily deprive the court of diversity

12  jurisdiction.  Lewis v. Cook, 409 F.2d 619, 620 (6th Cir. 1969).  Based on the

13  foregoing, the amount in controversy exceeds $75,000.

14        10.    **NOTICE IS TIMELY**:  This Notice is timely because it is

15  being filed within thirty days of Defendant's receipt on February 7, 2012, of

16  service of process in the State Court Action as required by 28 U.S.C.

17  section 1446(b).  Defendant has not appeared in the State Court Action.

18        11.    **Venue**:  The State Court in which this action was

19  commenced, located in the County of Orange, is within the Court's District.

20  Pursuant to 28 U.S.C. section 1446(a), Defendant files this Notice in the

21  District Court of the United States for the district and division within which

22  the State Court Action is pending.

23        12.    Pursuant to 28 U.S.C. section 1446(d), Notice of Removal is

24  concurrently being filed with the Superior Court of California, County of

25  Orange – Central Justice Center, and served on Plaintiff, as reflected by

26  Exhibit B, attached hereto.

27

28

KYL LB1473133v2

1          13.    WHEREFORE, Defendant hereby removes Orange County

2 Superior Court Case Number 30-2011-00523225-CU-OR-CJC to the United

3 States District Court for the Central District of California.

4

5

6 DATED:  March 7, 2012            /s/ BRIAN M. BOHN

                                          DAVID D. PIPER

7                                           BRIAN M. BOHN

                                          KEESAL, YOUNG & LOGAN

8                                           Attorneys for Defendant

                                          JPMORGAN CHASE BANK, N.A.,

9                                           FOR ITSELF AND AS AN

                                          ACQUIRER OF CERTAIN ASSETS

10                                           AND LIABILITIES OF

                                          WASHINGTON MUTUAL BANK

11                                           FROM THE FEDERAL DEPOSIT

12                                           INSURANCE CORPORATION

13                                           ACTING AS RECEIVER

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KYL LB1473133v2

# EXHIBIT A

Joel M. Feinstein, Esq. SBN: 177546
Law Offices of Joel M. Feinstein, APC
2021 Business Center Drive, Suite 213
Irvine, CA 92612
Tel.: (949) 419-8912
Fax:  (888) 900-5155

Attorney for Plaintiff,
 MICHAEL CHEN

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
**01/09/2012** at 09:59:27 AM
Clerk of the Superior Court
By Enrique Veloz, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER**

Case Number:  30-2012-00535809-CU-OR-CJC

| | |
|---|---|
| MICHAEL CHEN, | **COMPLAINT FOR:** |
| Plaintiff, | 1. DECLARATORY RELIEF;<br>2. QUIET TITLE;<br>3. VIOLATION OF CCP§2923.6;<br>4. VIOLATION OF CCP§2923.5;<br>5. NEGLIGENCE;<br>6. WRONGFUL FORECLOSURE<br>7. NEGLIGENT MISREPRESENTATION<br>8. VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 |
| v. | |
| J.P. MORGAN CHASE BANK NATIONAL ASSOCIATION; WASHINGTON MUTUAL BANK, FA and DOES 1-10 inclusive, | Judge Sheila Fell |
| Defendants. | **PLAINTIFFS DEMAND JURY TRIAL** |

Plaintiff, MICHAEL CHEN, (collectively known hereinafter as "Plaintiff") by and through their counsel, files their complaint against J.P. MORGAN CHASE BANK NATIONAL ASSOCIATION; WASHINGTON MUTUAL BANK, FA and DOES 1-10 inclusive.

## PARTIES

1.   Plaintiff, MICHAEL CHEN (collectively referred to as "Plaintiff") is and at all times was residing at: **7 Maryland, Irvine, CA 92606** ("subject property").

1

PLAINTIFF'S VERIFIED COMPLAINT

LAW OFFICES OF JOEL M. FEINSTEIN, APC
2021 Business Center Drive, Suite 213, Irvine, CA 92612 Tel. (949) 419-8912 Fax (888) 900-5155

2.      Plaintiff is informed and believes and upon that basis alleges that Defendants, J.P. MORGAN CHASE BANK NATIONAL ASSOCIATION (hereinafter as "CHASE") and WASHINGTON MUTUAL BANK, FA (hereinafter "WAMU") are and at all times were a business entity unknown form conducting business within this judicial district and claiming interest in the property.

3.      Plaintiff are informed and believe and upon that basis allege that the Defendants named DOES 1-10 are individuals and or unknown entities that reside and or conduct business within this judicial district and claiming an interest in the property.

4.      Plaintiff are informed and believe and upon that basis allege that the Defendants DOES 1-10 are responsible in some manner for the occurrences hereinafter alleged, and that Plaintiff damages were proximately caused by this Defendants.

## STATEMENT OF FACTS

5.      On or about January 6, 2007, Plaintiff, their lender then WASHINGTON MUTUAL BANK, FA recorded a 1st Deed of Trust in the amount of $750,000.00 vested under Plaintiff MICHAEL CHEN. Also a 2nd Deed of Trust in the amount of $113,000 encumbering the subject property.  The purchase price of his home was $960,000 so that Plaintiff placed over $90,000 as a down payment to their dream home.

6.      Because of the recession and devaluation of real estate properties around the nation and particularly California, Plaintiff home value dropped down to approximately $660,000.00.

7.      In 2008, Plaintiff's wife who is a real estate agent had no income due recession. Plaintiff had lost his job twice and luckily found another job.

8.    Plaintiff in good faith to keep their home and keep their financial integrity paid their mortgage in any way they can.  They used their savings, loans from relatives and then sought their lender through their servicer for a loan modification through the Making Home Affordable Program.

9.    However, these setbacks threw their budget off balance and they eventually missed their payments until they defaulted on his mortgage loan. Plaintiff applied for a loan modification but was passed around with many representatives giving him incorrect information. Months later, Plaintiff's arrears were almost $80,000 which was no longer affordable for Plaintiff to pay in one lump sum.

10.    Plaintiff offered $40,000 to CHASE and negotiated the balance of arrears to be amortized in the back of the loan.  However, this was not a viable option according to CHASE.

11.    Plaintiff is hoping that they will be able to get an affordable loan modification so they can resume making payments towards the loan.   However, Plaintiff was denied of all the options and had no recourse but to file a lawsuit against Defendants.  To date, the subject property is in default and is scheduled to be auctioned on **January 12, 2012 at 12noon**.

12.    In addition, Plaintiff requests that CHASE looked into another loan modification review because Plaintiff has now a different financial situation and presently gainfully employed and will be able to sustain a modified monthly payment if given the option.

13.    In light of the foregoing and actual controversy exists between Plaintiff and Defendants concerning their respective rights and duties pertaining to the subject, an actual controversy exists between Plaintiff and Defendants CHASE and WAMU concerning their respective rights and duties pertaining to subject property.

14.    Plaintiff are ready, willing and able to work out some sort of agreement with Defendants CHASE and WAMU to allow them to make more affordable payments and for Plaintiff and their family to keep their home.

PLAINTIFF'S VERIFIED COMPLAINT

15.     Plaintiff requests the court for a judicial determination and declaration of the parties'
respective rights and duties; specifically Defendants failed to comply with the statutory requirements
relating to REMIC requirements and failure to comply with REMIC Prohibitions.  Judicial declaration
is appropriate at this time so that the court may determine the rights and duties of each party in order to
ameliorate damages before the subject property is sold at trustee's sale.

16.     Plaintiff incurred a "debt" with WAMU as the term is defined by California Civil 17
Code §1788(d) and 15 U.S.C. § 1692a (5), when Plaintiff obtained a loan on their personal residence.

17.     Plaintiff allege they called the purported lender/servicer CHASE of the subject mortgage
to advise about their financial situation and to compel Defendants CHASE to enforce their modified
loan agreement with CHASE or other modification relief designed to avoid default and foreclosure
proceedings. Despite Plaintiff' efforts, the purported lender/servicer failed, refused and/or neglected to
work with Plaintiff in any reasonable way to ameliorate Plaintiff' damages.

## FIRST CAUSE OF ACTION

## DECLARATORY RELIEF

18.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though
fully set forth herein.

19.     In California, the elements for declaratory relief are: (1) a person interested under a
written instrument or contract; or (2) a declaration of his or him rights or duties with respect to
another, or in respect to, in, over or upon property; and (3) and actual controversy. *(Cal. Code Civ.
Proc., § 1060; Ludgate Ins. Co. v. Lockheed Martin Corp. (2000) 82 Cal.App.4th 592, 605-06.)*

20.     California Code of Civil Procedure section 1060 is broadly construed, and a complaint is
legally sufficient under the statute if it: (1) alleges the existence of an actual controversy related to the
parties' legal rights and duties under a contract or statute, and (2) requests the adjudication of the

rights and duties by the court. *(AICCO, Inc. v. Insurance Co. of North America (2001) 90 Cal.App.4th 579, 590.)* Under the section, an ***"actual controversy"*** is one ***"ripe" for adjudication***. Such a controversy is "one which admits of definitive and conclusive relief by judgment within the field of judicial administration, as distinguished from an advisory opinion upon a particular or hypothetical state of facts." *(Selby Realty Co. v. City of San Buenaventura (1973) 10 Cal.3d 110, 117.)* A controversy is "ripe" when it has reached, but has not passed, the point that the facts have sufficiently congealed to permit an intelligent and useful decision to be made. *(Pacific Legal Foundation v. California Coastal Commission (1982) 33 Cal.3d 158, 170.)* If an actual controversy has not been pled and the action is one "where its declaration or determination is not necessary or proper at the time under all the circumstances," the trial court may refuse to entertain an action for declaratory relief. *(Cal. Code Civ. Proc., § 1061.)*

21.    An actual controversy has arisen and now exists between Plaintiff and Defendants regarding their respective right and duties.  Plaintiff requested Defendants to modify their mortgage loan; however, Defendants would rather foreclose on Plaintiff' home.

22.    Plaintiff alleges Defendants' NOD and Notice of Trustee Sale on the Subject Property is void by operation of law, pursuant to the California Civil Code and California Business and Profession Code and UDAP. Thus the purported power of sale by Defendants no longer applies. Plaintiff request that this Court finds the purported power of sale contained in the Loan of no force and effect at this time, because Defendants' actions in the processing, handling and attempted foreclosure of this loan has contained numerous violations of State and Federal laws designed to protect borrowers, which has directly caused Plaintiff to be at equitable disadvantage to Defendants. As a result of the Defendants' actions, Plaintiff have suffered damages according to proof, and seeks declaratory relief that Defendants' purported power of sale is void and has no force or effect against the Subject Property.

PLAINTIFF'S VERIFIED COMPLAINT

23.    Plaintiff further requests that NOD be voided with said Deed of Trust remaining in beneficiaries' name, during this pending litigation.

24.    As a result of the Defendants' actions, Plaintiff suffered damages and seeks declaratory relief that Defendants' purported power of sale is void and has no force or effect against the Subject Property.

### SECOND CAUSE OF ACTION

### QUIET TITLE

25.    Plaintiff incorporates here each and every allegation set forth above.

26.    Plaintiff has sent or has caused to be sent notice of their intent to rescind the subject loan transaction, but only sent those notices to the entities that have been is closed.   The real party in interest on the lender's side may be the owner of the asset-backed security issued by the servicing and pooling vendor, the insurer through some claim equitable interests, or the Federal Government through the United States Department of the Treasury or the Federal Reserve. The security is a "securitized" bond deriving its value from the underlying mortgages, of which the subject mortgage is one. Thus Plaintiff is entitled to quiet title against Defendants, clearing title of the purported subject mortgage encumbrance.

27.    Plaintiff is informed and believe and thereon allege that each of the Defendants claim an interest in the Subject Property.

28.    However, Defendants' claims are without any right whatsoever, and said Defendants have no legal or equitable rights, claim, or interest in the Subject Property.

29.    Plaintiff therefore seek a declaration that the title to the Subject Property is vested in Plaintiff alone and that the Defendants herein, and each of them, be declared to have no estate, right,

title or interest in the Subject Property and that said Defendants, and each of them, be forever enjoined from asserting any estate, right, title or interest in the Subject Property adverse to the Plaintiff herein.

## THIRD CAUSE OF ACTION

### VIOLATION OF CA CIV. CODE § 2923.6

30.     Plaintiff incorporates here each and every allegation set forth above.

31.     Defendants CHASE's Pooling and Servicing Agreement (hereinafter "PSA") contains a duty to maximize net present value to its investors and related parties.

32.     *California Civil Code 2823.6* broadens and extends this PSA duty by requiring servicers to accept loan modifications with borrowers.

33.     Pursuant to *California Civil Code 2823.6(a),* a servicer acts in the best interest of all parties if it agrees to or implements a loan modification where the (1) loan is in payment default, and (2) anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.

34.     *California Civil Code 2823.6(b)* now provides that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority. Plaintiff' loan is presently in default.

35.     Plaintiff is willing, able, and ready to execute a modification of their loan.

## FOURTH CAUSE OF ACTION

### VIOLATION OF CA CIV. CODE § 2923.5

36.     Plaintiff re-alleges and incorporates by reference all proceeding paragraphs as though fully set forth herein.

37.     California Civil Code 2923.5 requires that the mortgage, beneficiary, or authorized agent contact the borrower to assess the Borrower's financial situation and to explore option for the

7

Borrower to avoid foreclosure. Defendants have not made any such attempts in good faith. Defendants sent out a loan modification application to Plaintiff and requested all necessary documents; however failed to evaluate Plaintiff' financials in order to qualify for HAMP.

38.     Defendants implemented a non-judicial foreclosure sale of the Subject Property despite their non-compliance with CCC 2923.5.

39.     As a proximate result of the negligent or reckless conduct of the Defendants the Plaintiff' credit has been impaired and Plaintiff is threatened with the eminent loss of their home.

40.     As alleged herein, Plaintiff believe that Defendants CHASE were unlawful in allowing the Subject Property to be foreclosed upon and Defendants did not have the legal authority to go forward with the sale. Unless enjoined, the Plaintiff will continue suffer irreparable harm and will have an adequate remedy at law.

41.     As a proximate result of the negligent actions of the Defendants, the Plaintiff has suffered consequential damage and will continue to suffer additional damage in amount to be fully proved at the time of trial.

## FIFTH CAUSE OF ACTION

### NEGLIGENCE

69.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

70.     Plaintiff allege that all times mentioned herein the Subject Property was their owner-occupied residence and that Plaintiff were members of the class of persons protected under Civil Code §2924.

71.     Defendants owed duties to Plaintiff including not to record invalid documents on the title of the Subject Property, a duty to comply with Civil Code §2924, and a duty to not mislead

Plaintiff regarding the status of their foreclosure process and their mortgage loan.

72.     Despite Plaintiff' efforts to explore foreclosure avoidance options, these Defendants, and each of them failed and refused to evaluate Plaintiff' financial condition regarding foreclosure avoidance; and failed and refused to advise Plaintiff of their statutory right to meet with Defendants regarding such foreclosure avoidance.

73.     It was readily foreseeable that making false and or reckless statements to Plaintiff regarding their loan status and the foreclosure process would potentially harm Plaintiff.

74.     Plaintiff has been injured and foreclosure proceedings are instituted against them. Plaintiff was left without any recourse but to file a lawsuit against Defendant.

75.     Defendants' conduct warrants moral blame because it constitutes intentional and or reckless false statements regarding the foreclosure process on a single family home.

76.     As a proximate result of the conduct of Defendants, as herein alleged, Plaintiff have suffered, and will continue to suffer damages, the exact amount of which have not been fully ascertained but are within the jurisdiction of this Court.  Plaintiff is entitled to incidental and consequential expenses and damages in an amount to be shown at the time of trial.  In additional, Plaintiff have been forced to retain a law firm to enforce their rights, and have incurred and will incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiff are entitled to according to proof.

## SIXTH CAUSE OF ACTION

## WRONGFUL FORECLOSURE AGAINST ALL DEFENDANTS

77.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

9

78.     Chase breached its obligation to Plaintiff to modify the loan by proceeding with a foreclosure of his home when Chase had agreed not to do so.  Moreover, Defendants failed to follow the statutory provisions for foreclosure of a deed of trust pursuant to Civil Code Section 2924(f) in that Defendants never posted a notice of foreclosure sale on the door of Plaintiff's property.  Defendants further breached the provisions of Civil Code Section 2924g(c)(1) which requires postponement of a foreclosure sale by "mutual agreement, whether oral or in writing, of any trustor and any beneficiary."

79.     Additionally, Chase breached the SPA by failing to review the financial information of Plaintiff and determining a fair loan modification with Plaintiff.  Plaintiff is informed and believes that Chase received over Five Hundred Million Dollars of TARP funds from the federal government, a condition of which was that Chase complies with the provisions of the SPA.  As Chase breached its obligation not to foreclose during the review period, the trustee's deed upon sale was issued in violation of the SPA and should be cancelled.

80.     Additionally, Defendants violated California Civil Code §2923.5(a), which requires a "mortgagee, beneficiary or authorized agent" to "contact the borrower or person by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure.  "Section 2923.5(b) requires a default notice to include a declaration "from the mortgagee, beneficiary, or authorized agent" of compliance with section 2923.5, including attempt "with due diligence to contact the borrower as required by this section."   None of the Defendants assessed Plaintiff's financial situation correctly.  Accordingly, the Defendants did not fulfill their legal obligation to Plaintiff.

81.     Consequently, Defendants engaged in a fraudulent foreclosure of the Subject Property in that Defendants did not have the legal authority to foreclose on the Subject Property and, alternatively, if they had the legal authority, they failed to comply with Civil Code Sections 2923.5 and 2923.6.

10

82.     Accordingly, the court should remedy the error by issuing an order cancelling the foreclosure trustee's Notice of Sale recorded with respect to the foreclosure sale on January 12, 2012.

83.     Also, as a result of the above alleged wrongs, Plaintiff has suffered general and special damages in an amount according to proof at trial.

## SEVENTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION

84.     Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through 83, inclusive, as though fully set forth herein.

85.     Under the circumstances alleged, Chase owed a duty to Plaintiff to provide him with accurate information about the status of him mortgage loan accounts.

86.     Chase represented to Plaintiff on multiple occasions that it was working to provide him with a loan modification, that she need not worry about making him full mortgage payment while the loan modification was being processed, and that his house was not being foreclosed upon while the loan modification was being processed.

87.     Chase's representations were false, negligent and material.

88.     Plaintiff relied on Chase's misrepresentations and acted as instructed to by Chase.

89.     Chase's intention was to foreclose on Plaintiff's property on January 12, 2012 despite reassurances that this would not occur during the loan modification process, inflicting significant damages on Plaintiff.  Plaintiff's reliance on Chase's misrepresentations was thus to his detriment.

90.     As a proximate result of Chase's negligent conduct, Plaintiff has suffered, and will continue to suffer, general and special damages in an amount according to proof at trial.

PLAINTIFF'S VERIFIED COMPLAINT

## EIGHT CAUSE OF ACTION

## VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200

91.     Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through 90, inclusive, as though fully set forth herein.

92.     California Business & Professions Code Section 17200, et seq., prohibits acts of unfair competition, which means and includes any "fraudulent business act or practice . . ." and conducts which is "likely to deceive" and is "fraudulent" within the meaning of Section 17200.

93.     As more fully described above, Defendants' acts and practices are likely to deceive, constituting a fraudulent business act or practice.  This conduct is ongoing and continues to this date.

94.     Specifically, Defendants engage in deceptive business practices with respect to mortgage loan servicing, assignments of notes and deeds of trust, foreclosure of residential properties and related matters by:

(a)  Instituting improper or premature foreclosure proceedings to generate unwarranted fees;

(b)  Executing and recording false and misleading documents;

(c)  Violating the One Action Rule;

(d)  Demanding and accepting payments for debts that are non-existent;

(e)  Acting as beneficiaries and trustees without the legal authority to do so.

(f)  Failing to follow HAMP guidelines; and

(g)  Misrepresenting the foreclosure status of their properties to borrowers;

95.     Plaintiff alleges that by engaging in the above described acts and/or practices as alleged herein, Defendants have violated several California laws and regulations and said predicate acts are therefore per se violations of California Business and Professions Code Section 17200, et seq.

PLAINTIFF'S VERIFIED COMPLAINT

96.     Plaintiff alleges that Defendants' misconduct, as alleged herein, gave, and have given, Defendants an unfair competitive advantage over their competitors. The scheme implemented by Defendants is designed to defraud California consumers and enrich the Defendants.

97.     The foregoing acts and practices have caused substantial harm to California consumers.

98.     Plaintiff alleges that as direct and proximate result of the aforementioned acts, Defendants have prospered and benefitted from Plaintiff by collecting mortgage payments, and have been unjustly enriched from their act of foreclosing on Plaintiff's home when they had agreed not to do so.

99.     By reason of the foregoing, Defendants have been unjustly enriched and should be required to disgorge their illicit profits and/or make restitution to Plaintiffs and other California consumers who have been harmed, and/or be enjoined from continuing in such practices pursuant to California Business & Professions Code Sections 17203 and 17204. Additionally, Plaintiffs are therefore entitled to injunctive relief and attorney's fees as available under California Business and Professions Code Sec. 17200 and related sections.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against the Defendants and each of them, jointly and severally, as follows:

1.      For a declaration of the rights and duties of the parties, specifically that the foreclosure of Plaintiff's residence was wrongful.

2.      For compensatory, special, general damages according to proof against all Defendants.

3.      Pursuant to Business and Professions Code § 17203, that all Defendants, their successors, agents, representatives, employees, and all persons who act in concert with them be

permanently enjoined from committing any acts of unfair competition in violation of § 17200, including, but not limited to, the violations alleged herein.

4.      For civil penalties pursuant to statute, restitution, injunctive relief and reasonable attorneys fees according to proof.

5.      For reasonable costs of suit and such other and further relief as the Court deems proper.

6.      For removal of any and all derogatory information report to any and all credit reporting agencies and or bureaus relating to the transaction involved herein;

7.      For restoration of Plaintiff' credit scores and good name;

8.      For costs of the suit herein incurred;

9.      For such other further relief as the court may deem just and proper.

DATED: January 9, 2012                    LAW OFFICES OF JOEL M. FEINSTEIN, APC


BY: _____
        JOEL M. FEINSTEIN, ESQ.
        Attorney for Plaintiff
        MICHAEL CHEN

PLAINTIFF'S VERIFIED COMPLAINT

**AFFIDAVIT AND VERIFICATION**
(CCP§ § 2015.5)

STATE OF CALIFORNIA      )
                         ) ss
COUNTY OF ORANGE         )


I, MICHAEL CHEN as Plaintiff in the action against Defendants, J.P. MORGAN CHASE

BANK NATIONAL ASSOCIATION; WASHINGTON MUTUAL BANK, FA and DOES 1-10

inclusive, declare as follows:

I have read the foregoing "VERIFIED COMPLAINT" and know the contents thereof.

I certify that the same is true to the best of our knowledge, except as to those matters which are

therein alleged on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is

true and correct.

DATED: January 9, 2012

_____
MICHAEL CHEN

# EXHIBIT B

1 | DAVID D. PIPER, CASB No. 179889
david.piper@kyl.com
2 | BRIAN M. BOHN, CASB No. 279469
brian.bohn@kyl.com
3 | KEESAL, YOUNG & LOGAN
A Professional Corporation
4 | 400 Oceangate, P.O. Box 1730
Long Beach, California  90801-1730
5 | Telephone:   (562) 436-2000
Facsimile:   (562) 436-7416
6 |
Attorneys for Defendant
7 | JPMORGAN CHASE BANK, N.A., for itself and as an acquirer of certain assets and
liabilities of WASHINGTON MUTUAL BANK from the FEDERAL DEPOSIT
8 | INSURANCE CORPORATION acting as Receiver

9

10 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11 | **FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER**

12

13 | MICHAEL CHEN,                                )   Case No. 30-2012-00535809-CU-OR-CJC
                                             )
14 |                          Plaintiff,  )   *Action Filed:  January 9, 2012*
                                             )
15 |              vs.                           )   *ASSIGNED FOR ALL PURPOSES TO:*
                                             )   *Judge Sheila Fell, Dept. C22*
16 | J.P. MORGAN CHASE BANK NATIONAL )
ASSOCIATION;                             )   **DEFENDANT JPMORGAN CHASE**
17 | WASHINGTON MUTUAL BANK, FA and )   **BANK, N.A., FOR ITSELF AND AS AN**
DOES 1 -10 inclusive,                    )   **ACQUIRER OF CERTAIN ASSETS**
18 |                                          )   **AND LIABILITIES OF WASHINGTON**
                         Defendants. )   **MUTUAL BANK FROM THE**
19 |                                          )   **FEDERAL DEPOSIT INSURANCE**
                                             )   **CORPORATION ACTING AS**
20 |                                          )   **RECEIVER'S NOTICE TO THE**
                                             )   **CLERK OF THE SUPERIOR COURT**
21 |                                              **OF THE FILING OF REMOVAL AND**
                                                 **REMOVAL OF ACTION TO FEDERAL**
22 |                                              **COURT**

23

24 | **TO THE CLERK OF THE SUPERIOR COURT OF CALIFORNIA FOR THE**

25 | **COUNTY OF ORANGE:**

26 |              **PLEASE TAKE NOTICE** that Defendant JPMORGAN CHASE BANK,

27 | N.A., for itself and as an acquirer of certain assets and liabilities of WASHINGTON

28 | MUTUAL BANK from the FEDERAL DEPOSIT INSURANCE CORPORATION acting

- 1 -                                    KYL_LB1473120

1   as Receiver, has removed the above-entitled action to the United States District Court

2   for the Central District of California.  Attached hereto as Exhibit "A" are true and

3   correct copies of the Notice of Filing of Removal of Action, Notice of Removal, and

4   Declaration of Brian M. Bohn, the originals of which have been filed in the United States

5   District Court for the Central District of California in connection with the above-entitled

6   action.

7          **PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C.

8   section 1446(d), the filing of the attached Notice of Removal with the federal court effects

9   removal of this action, and this Court may proceed no further unless and until the case

10  is remanded.

13  DATED:  March 7, 2012

14  _____
    DAVID D. PIPER
    BRIAN M. BOHN
15  KEESAL, YOUNG & LOGAN
    Attorneys for Defendant
16  JPMORGAN CHASE BANK, N.A., FOR
    ITSELF AND AS AN ACQUIRER OF
17  CERTAIN ASSETS AND LIABILITIES OF
    WASHINGTON MUTUAL BANK FROM
18  THE FEDERAL DEPOSIT INSURANCE
    CORPORATION ACTING AS RECEIVER

- 2 -                                      KYL_LB1473120

DEFENDANT'S NOTICE TO THE CLERK OF THE SUPERIOR COURT OF THE FILING OF
REMOVAL AND REMOVAL OF ACTION TO FEDERAL COURT

**PROOF OF SERVICE**
**Michael Chen v. J.P. Morgan Chase Bank National Association**
**Case No. 30-2012-00535809-CU-OR-CJC**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I am employed in the County of LOS ANGELES, State of California.  I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, 400 Oceangate, P.O. Box 1730, Long Beach, California  90801-1730.

      On March 7, 2012, I served the foregoing documents described as **DEFENDANT JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, FOR ITSELF AND AS AN ACQUIRER OF CERTAIN ASSETS AND LIABILITIES OF WASHINGTON MUTUAL BANK FROM THE FEDERAL DEPOSIT INSURANCE CORPORATION ACTING AS RECEIVER'S NOTICE TO THE CLERK OF THE SUPERIOR COURT OF THE FILING OF REMOVAL AND REMOVAL OF ACTION TO FEDERAL COURT** on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Joel M. Feinstein, Esq.
Law Offices of Joel M. Feinstein, APC
2021 Business Center Drive
Suite 213
Irvine, California 92612
Tel: (949) 419-8912
Fax: (888) 900-5155

      ☒     BY OVERNIGHT DELIVERY:  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the above-named persons at the addresses exhibited therewith.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

      Executed on March 7, 2012 at Long Beach, California.

      I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

      I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

RHEA MERCADO

1   DAVID D. PIPER, CASB No. 179889
    david.piper@kyl.com
2   BRIAN M. BOHN, CASB No. 279469
    brian.bohn@kyl.com
3   KEESAL, YOUNG & LOGAN
    A Professional Corporation
4   400 Oceangate, P.O. Box 1730
    Long Beach, California  90801-1730
5   Telephone:    (562) 436-2000
    Facsimile:    (562) 436-7416
6
    Attorneys for Defendant
7   JPMORGAN CHASE BANK, N.A., for itself and as an acquirer of certain assets and
    liabilities of WASHINGTON MUTUAL BANK from the FEDERAL DEPOSIT
8   INSURANCE CORPORATION acting as Receiver

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11          FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

12

13  MICHAEL CHEN,                          )  Case No. 30-2012-00535809-CU-OR-CJC
                                           )
14                      Plaintiff,         )  *Action Filed: January 9, 2012*
                                           )
15              vs.                        )  *ASSIGNED FOR ALL PURPOSES TO:*
                                           )      *Judge Sheila Fell, Dept. C22*
16  J.P. MORGAN CHASE BANK NATIONAL )
    ASSOCIATION;                           )  **NOTICE TO ADVERSE PARTY OF**
17  WASHINGTON MUTUAL BANK, FA and )        **REMOVAL TO FEDERAL COURT**
    DOES 1 -10 inclusive,                  )
18                                         )
                        Defendants.        )
19                                         )
                                           )
20                                         )
                                           )
21  _____)

22  ///

23

24

25

26

27

28  ///

NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT

1 | TO PLAINTIFF MICHAEL CHEN:

2 | PLEASE TAKE NOTICE that Notice of Removal of this action was filed in

3 | the United States District court for the Central District of California on March 7, 2012.

4 | A copy of said Notice of Removal is attached hereto as Exhibit "A", and is served and

5 | filed herewith.

6

7

8 | DATED: March 7, 2012

9 | DAVID D. PIPER
   | BRIAN M. BOHN

10 | KEESAL, YOUNG & LOGAN
    | Attorneys for Defendant

11 | JPMORGAN CHASE BANK, N.A., FOR
    | ITSELF AND AS AN ACQUIRER OF

12 | CERTAIN ASSETS AND LIABILITIES OF
    | WASHINGTON MUTUAL BANK FROM

13 | THE FEDERAL DEPOSIT INSURANCE
    | CORPORATION ACTING AS RECEIVER

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KYL_LB1473121

NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**
**Michael Chen v. J.P. Morgan Chase Bank National Association**
**Case No. 30-2012-00535809-CU-OR-CJC**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of LOS ANGELES, State of California.  I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, 400 Oceangate, P.O. Box 1730, Long Beach, California  90801-1730.

     On March 7, 2012, I served the foregoing documents described **NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Joel M. Feinstein, Esq.
Law Offices of Joel M. Feinstein, APC
2021 Business Center Drive
Suite 213
Irvine, California 92612
Tel: (949) 419-8912
Fax: (888) 900-5155


     ☒     BY OVERNIGHT DELIVERY:  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the above-named persons at the addresses exhibited therewith.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

     Executed on March 7, 2012 at Long Beach, California.

     I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

     I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.


RHEA MERCADO

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I am employed in the County of LOS ANGELES, State of California.  I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, 400 Oceangate, P.O. Box 1730, Long Beach, California  90801-1730.

      On March 7, 2012, I served the foregoing documents described as **NOTICE OF REMOVAL BY DEFENDANT JPMORGAN CHASE BANK, N.A., FOR ITSELF AND AS AN ACQUIRER OF CERTAIN ASSETS AND LIABILITIES OF WASHINGTON MUTUAL BANK FROM THE FEDERAL DEPOSIT INSURANCE CORPORATION ACTING AS RECEIVER PURSUANT TO 28 U.S.C. §§ 1332, 1441(A), AND 1446** on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Joel M. Feinstein, Esq.
Law Offices of Joel M. Feinstein, APC
2021 Business Center Drive
Suite 213
Irvine, California 92612
Tel: (949) 419-8912
Fax: (888) 900-5155

      ☒      BY OVERNIGHT DELIVERY:  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the above-named persons at the addresses exhibited therewith.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

      Executed on March 7, 2012 at Long Beach, California.

      I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

      I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

RHEA MERCADO